IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | | |
|---|---|---|
| TIMOTHY E. EBLE | ) | |
| | ) | CIVIL ACTION NO.: 2:11-cv-03282 |
| Plaintiff, | ) | |
| v. | ) | **ORDER INTERLOCUTORY SALE** |
| | ) | |
| | ) | |
| SAILING VESSEL LE PINGOUIN | ) | |
| Official Number 1227004, her engines, | ) | |
| bowspirit, anchor, cables, chains, rigging, | ) | |
| tackle, apparel, furniture and all accessories | ) | |
| hereunto appertaining and belonging to her, | ) | |
| *in rem*, AND VAN LIEW VENTURES, | ) | |
| INC., *in personam*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**IN CONSIDERATION OF**  plaintiff Timothy E. Eble's Motion and Supporting

Memorandum of Law for the Immediate Sale of Defendant Vessel, the Court being of the

opinion that said motion is well founded hereby GRANTS the motion and

ORDERS that S/V LE PINGOUIN (Official Number 1227004), her engines, tackle,

apparel, and appurtenances, be sold as is, where is, by the Marshal of this Court, free and clear of

all liens, claims, mortgages and encumbrances.

Pursuant to Supplemental Federal Admiralty Rule E(9)(b), the United States Marshal

("Marshal") be, and he hereby is, authorized and directed to sell the Vessel, her bunkers, engines,

tackle, etc., and to make all necessary preparation and arrangements in furtherance of such sale,

with sale to be held inside the United States Post Office, Meeting at Broad Streets, Charleston,

SC 29403 at public auction for cash to the highest bidder upon the following terms, at a time and

date as agreed between the United States Marshal and Plaintiff, but in any event not later than

February 14, 2012:

(1)     **Notice**. Notice of the sale shall be published twice by the Plaintiff in <u>The Post &</u>
<u>Courier</u> as follows: the first notice being published at least ten (10) days prior to the date of the
sale, setting forth the date, time, place, and terms of the sale and the last being published at least
three (3) days before the date of sale, setting forth the date, time, place, and terms of the sale. No
further publication of the sale shall be required. Plaintiff's counsel shall file with the Court copies
of the publication of sale. Plaintiff may provide notice of the sale in additional publications.

(2)     **Payment of Bid.**  A cash deposit or cashier's or certified check expressed in U.S.
Currency in an amount not less than ten percent (10%) of the bid shall be paid at the time the bid
is accepted. The remaining balance of the purchase price shall be paid in cash, by certified check,
or by cashier's check drawn on banks insured by the Federal Deposit Insurance Company or the
Federal Savings and Loan Insurance Corporation within three (3) days, including weekend days,
after the day on which the bid was accepted unless an objection to the sale is filed within this
three-day period. If an objection is so filed, the bidder is excused from paying the balance of the
purchase price until three (3) court days after the sale is confirmed;

ORDERS that at least twenty four (24) hours prior to the date of the Interlocutory Sale,
the Interlocutory Sale may be cancelled by agreement of the parties to this action;

ORDERS that any person disrupting the sale or violating the terms of this order shall be
subject to sanctions of this Court and that the United States Marshal shall be entitled to qualify
potential bidders as possessing the financial ability to deliver to the United States Marshal the
full amount of their bid;

(3)     **Minimum Bid:**  Any sale of the Vessel shall be for a minimum bid of no less
than One Hundred Fifty Thousand and xx/100 ($150,000.00) Dollars.

2

(4)    **Default.**  If the successful bidder does not pay the balance of the purchase price within the time allowed, the bidder shall be in default. In such a case, the judicial officer may accept the second highest bid or arrange a new sale. The defaulting bidder's deposit shall be forfeited and applied to any additional costs incurred by the Marshal because of the default, the balance being retained in the registry of the Court awaiting its order.

(5)    **Report of Sale by Marshal.**  At the conclusion of the sale, the Marshal shall forthwith file a written report with the Court of the facts of sale, the date, the price obtained, the name and address of the successful bidder, and any other pertinent information. All expenses of maintenance, preservation, insurance, publications, and any other expenses necessarily incurred by the Marshal or any Plaintiff for the preservation of the vessel and her bunkers pending sale (including, but not limited to, for wharfage), and any and all fees paid to any broker in connection with said sale, through the date of confirmation of the sale, shall be deemed to be administrative expenses, shall be taxed as part of the costs of the case, and shall be a first charge and first lien, superior to all other claims, charges, costs, and liens against the vessel and her bunkers and shall be deducted from and paid out of the proceeds of said auction sale, with the balance remaining to be deposited into the registry of this Court to stand in place of the Vessel and her bunkers pending further disposition of this action.

(6)    **Time and Procedure for Objection to Sale.**  An interested person may object to the sale by filing a written objection with the Clerk within three (3) days following the sale, serving the objection on all parties of record, the successful bidder, and the Marshal, and depositing such sum with the Marshal as determined by him to be sufficient to pay the expense of keeping the property for at least fourteen (14) days. Payment to the Marshal shall be in cash, certified check, or cashier's check drawn on banks insured by the Federal Deposit Insurance

3

Corporation or the Federal Savings and Loan Insurance Corporation. Plaintiff, Timothy E. Eble, shall have the right to make a credit bid of his unsatisfied mortgage and maritime lien against the Vessel and custodial expenses claims, in the amount of the unsatisfied mortgage and maritime lien and custodial expenses which Plaintiff, has paid or advanced (herein, "Claims") up to the full amount of such Claims, including all expended fees, costs and interest, such amount being for Plaintiff or any assignee of such Claims the same as if Plaintiff or his assignee had bid and paid cash. The credit bid may be applied to the cash deposit and the remaining balance of the purchase price.

(7)    **Confirmation of Sale.**  The sale shall be confirmed without further order of the Court three (3) days after the date of sale, including weekend days, unless an objection to the sale has been filed within those three (3) days pursuant to the local Admiralty Rules, the objector at the time of the objection, also making the deposit as this Order requires. No objection shall be valid unless accompanied by the required deposit. In the event of such objection, the Court shall hold a hearing on the confirmation of the sale. The Marshal shall transfer title to the purchaser upon the confirmation of sale.

(8)    **Disposition of Deposits.**

(i)    **Objection Sustained.**  The sum deposited by the objector will be applied to pay the fees and expenses incurred by the Marshal in keeping the property until it is resold, and any balance remaining shall be returned to the objector. If an objection is sustained, the United States Marshal shall immediately return any remaining sums deposited by the successful bidder. The objector will be reimbursed for the expense of keeping the property from the proceeds of a subsequent sale.

(ii)    **Objection Overruled.**  If the objection is overruled, the sum deposited by the objector will be applied to pay the expense of keeping the property from the day the objection was filed until the day the sale is confirmed, and any balance remaining will be returned to the objector forthwith.

**ENTERED** this 3rd day of January, 2012 in Charleston, South Carolina.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**January 3, 2012**
**Charleston, SC**